Judge Buckner
delivered the opinion of the Court.
Lawrence, by articles of agreemént between himself and Hammett, became his lessee, for one year. At the expiration of the lease, they made a verbal contract for the second year, by which they agreed to alter the dates of the article, and thus make it their contract for the second year, but it was not done. Lawrence, however, continued to enjoy, for the second year, the premises, under the verbal contract, upon the. terms contained in the written contract. Upon the expiration of that year, he still continued to hold the possession. Hammett then endeavored to compel him to yield, by a writ of forcible detainer, in which he failed. He then filed his bill in chancery, alleging the loss of the writing, to compel Lawrence to pay him the rents for both those years, and for the remaining time, up to the filing of his bill, and for the costs which he had incurred in endeavoring, unsuccessfully, to regain the possession.
The record evidence shows that, in May, .1817, Hammett sued out a writ of forcible detainer of the premises, against Lawrence, on the trial of which, a verdict was rendered in favor of Lawrence. It was taken, upon a traverse, to the circuit court, where a similar verdict was rendered ; an appeal was prosecuted to this court, and the judgment of Ibe'circuit court was reversed. The cause was then again tried in the circuit court, which still resulted in favor of Lawrence. In 1821, an action of ejectment, for the same ..¿and, was prosecuted against Lawrence, by one. *288 Brown. Lawrence appeared and caused himself to be entered as a defendant, but afterwards, by consent, between Brown and himself, withdrew his defence, and permitted judgment to be entered by default, against the casual ejeblor. Upon the execution of the habere fackjs possessionem, Lawrence was siil] permitted to retain the possession as the tenant of Brown,
If writing, by which rent is secured, be lost, lessor may resort to chancery for recovery of rent, thereby secured to be paid,
in his answer to Hammett’s bill, he denies the jurisdiction of the court, except as to the first year, and relies upon the statute of limitations as to all the other claims set forth in the complainant’s bill. He also claims a credit for improvements made on the premises during the continuance of the first lease.
From the allegations of the bill, the answers and proof in the cause, it appears that a considerable portion of the first year’s rent, if not the whole of it, had been paid. The rent agreed to be. paid for that year was two barrels of corn per acre, which was estimated at $1,25 per barrel. The number of acres, for which rent was to be paid, was not ascertained by actual admeasurement, but it is proved to be between twelve and sixteen. The lease for the first year expired in March 1816, and the bill was filed 1st of December, 1823.
The circuit court decreed in favor of Hammett for the sum of $130 and costs. ’ To reverse the decree ‘of that court, Lawrence prosecutes this appeal.
Upon what principles the circuit court made the calculation and based the decree, we are not informed, as no reason is assigned. That it must have been allowed for rents for more than one year is apparent; that it did not do so for the whole time that Lawrence retained the possession, is equally apparent.
As the writing was lost, Hammett had a right to resort to a court of chancery for the value of the rent secured thereby to be paid; and as the terms of the second year’s lease were made to depend upon that lost writing, we can see no well founded objection in resorting to that court, in relation to his claim for the second year’s rent. For the rent of every year thereafter, ifLawrence still held the possession as his tenant, his remedy was obviously to be sought in a common law court.
Five years bar recovery of rent due, upon parol contract.
If, howéver, according to the principies of chancery jurisdiction, a court of equity coufd properly have decided upon his claim for the whole.time .that Lawrence occupied the premises, his demand for the rents of the second and third year was barred by the lapsé of time.
We are of opinion, therefore, that the decree of the circuit court carinot be sustained.
The claim urged by Lawrence, for improvements tirade by him on thé land, under the proof in this causé ought not to be allowed. In the articles of agreement., Hammett bound himself to pay for such aa might be made, if he held the land until Lawrence left theplace. it has been contended, thatthe proper construction of that clause, is to apply it to the expiration of the first year’s lease, and that as Lawrence became a lessee for the second year, he was then entitled to a Compensation for his labour. W.e do not conceive it to be rationally susceptible of such an interpretation, under the circumstances of this case. Had the parties so intended, their contract w'ould have been much more clonriy and explicitly expressed, by inserting until the lease expired, instead of ‘«until Lawrence left thepiacé. Hadhe,atthe endofthefirstyear,orata^iy other time, before Brown recovered the land,delivered the possession to his lessor, he might undar the contract, have justly claimed the value df his labour; But the parties, anticipating the probability that the contract of lease might be renewed, and Hammett, no doubt, wishing if the land should be recovered from him by a superior conflicting claim, to secure to himself the value of improvements, was unwilling to pay for any made by his lessee, unless the possession should be delivered to him before eviction, in which event, he might have claimed for, and received from the successful claimant their valué. Hence, instead of making his liability depend upon the delivery of the premises at the expiration of the lease, it was made to rest upon the delivery, previous to eviction,
Instead of delivering the possession to his lessor, as m duty bound, Lawrence refused to do it, resisted every attempt by Hammett to regain if, and in the *290 end, took shelter under the title of another'; and thereby lost his claim for his labor.
Monroe, for appellant,
The decree of the circuit court must be reversed with costs, and the cause remanded, with directions for further proceedings to be had, not inconsistent with this opinion.
./Vote. Judge Underwood did not sit in this case.